UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN SICILIANO, JR,

                 Plaintiff,

v.

IMPERIAL BAG AND PAPER CO. LLC
D/B/A IMPERIAL DADE, BCPE EMPIRE
NEW TOPCO, INC.

                 Defendants.

CIVIL ACTION NO. 6:25-cv-06307-  EAW

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING
ORDER AND INJUNCTIVE RELIEF**

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ..................................................................................1

APPLICABLE LEGAL STANDARD ........................................................................2

ARGUMENT ..............................................................................................................3

   I.    Plaintiff Will Not Be Irreparably Harmed in the Absence of Injunctive Relief. ............. 3

   II.   Plaintiff Is Not Likely to Succeed on the Merits of His Claims. ..................................... 6

        A.    Plaintiff Is Not Likely to Succeed on His Attempt to Invalidate the Restrictive Covenants in His Employment Agreement. ......................................... 7

             1.    Defendants' Purported Breach of Contract Does Not Render the Restrictive Covenants Unenforceable. ................................................................. 9

             2.    Restrictive Covenants Like the One Here are Enforceable under New York Law. ...................................................................................................... 10

        B.    Plaintiff Sets Forth No Basis for a Prior Restraint Order Against Defendants. ........................................................................................................ 12

        C.    Plaintiff Is Not Likely to Succeed on His Conversion Claim. .............................. 12

   III.   The Balance of the Equities Does Not Favor Plaintiff. ................................................. 13

CONCLUSION..........................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*1234 Broadway LLC v. West Side SRO Law Project*,
    86 A.D.3d 18 (1st Dep't 2011) ................................................................6

*Aon Risk Servs., Ne., Inc. v. Cusack*,
    34 Misc.3d 1205(A), 2011 WL 6955890 (Sup. Ct. N.Y. Cnty. Dec. 20, 2011) ....................14

*Arthur Young & Co. v. Galasso*,
    142 Misc. 2d 738 (Sup. Ct. N.Y. Cnty. 1989) ................................................8

*Ayco Co. L.P. v. Feldman*,
    No. 10-cv-1213, 2010 WL 4286154 (N.D.N.Y. Oct. 22, 2010) ................................3

*BDO Seidman v. Hirshberg*,
    93 N.Y.2d 382 (1999) ................................................................10, 11

*Biosafe-One, Inc. v. Hawks*,
    524 F. Supp. 2d 452 (S.D.N.Y. 2007)........................................................2

*Campagna v. N.Y.C. Police Dep't*,
    231 A.D.3d 531 (1st Dep't 2024) ........................................................10

*Citibank, N.A. v. Citytrust*,
    756 F.2d 273 (2d Cir. 1985)................................................................3

*Colavito v. N.Y. Organ Donor Network, Inc.*,
    8 N.Y.3d 43 (2006) ....................................................................13

*CQS ABS Master Fund Ltd. v. MBIA Inc.*,
    No. CIV. 6840 (RJS), 2014 WL 11089340 (S.D.N.Y Jan. 29, 2014) ....................13

*Evolution Mkts., Inc. v Penny*,
    23 Misc. 3d 1131(A), 2009 WL 1543889 (Sup. Ct. Westchester Cnty. 2009)........................10

*Fed. Express Corp. v. Fed. Espresso, Inc.*,
    201 F.3d 168 (2d Cir. 2000)................................................................3

*Girard v Hickey*,
    9:15-CV-0187, 2016 WL 915253 (N.D.N.Y. Mar. 4, 2016) ................................2, 5

*Greenfield v. Philles Records*,
    98. N.Y.2d 562 (2002) ................................................................9

*H.D. Smith Wholesale Drug Co. v. Mittelmark*,
    2011 N.Y. Misc. Lexis 5609 (Sup. Ct. N.Y. Cnty. 2011).......................................13

*Hancock v. Essential Res., Inc.*,
    792 F. Supp. 924 (S.D.N.Y. 1992)...........................................................................5

*Hanson Trust PLC. v. SCM Corp.*,
    774 F.2d 47 (2d Cir. 1985)......................................................................................2

*Hyde  v. KLS Prof'l Advisors Grp, LLC*,
    500 Fed. App'x 24 (2d Cir. 2012)............................................................................5

*Innovative Networks v. Satellite Airlines Ticketing Ctrs.*,
    871 F. Supp. 709 (S.D.N.Y. 1995).........................................................................10

*Litwin v. Ocean Freight, Inc.*,
    865 F. Supp. 2d 385 (S.D.N.Y. 2011).....................................................................13

*Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*,
    965 F.2d 1224 (2d Cir. 1992)...................................................................................2

*Med. Soc. of N. Y. v. Toia*,
    560 F.2d 535 (2d Cir. 1977).....................................................................................2

*Mercer Health & Benefits LLC v. DiGregorio*,
    307 F. Supp. 3d 351 (S.D.N.Y. 2018)...............................................................11, 14

*Oliver Wyman, Inc. v. Eielson*,
    282 F. Supp. 3d 684 (S.D.N.Y. 2017).....................................................................10

*Poller v. BioScrip, Inc.*,
    974 F. Supp. 2d 204 (S.D.N.Y. 2013).......................................................................8

*Salinger v. Colting*,
    607 F.3d 68 (2d Cir.2010)........................................................................................14

*Sampson v. Murray*,
    415 U.S. 61 (1974)..............................................................................................4, 5

*Shady v. Tyson*,
    5 F. Supp. 2d 102 (E.D.N.Y. 1998) ..........................................................................5

*Stewart v. U.S. I.N.S.*,
    762 F.2d 193 (2d Cir. 1985).......................................................................................5

*The Deal v. Korangy Publ.*,
    309 F. Supp. 2d 512 (S.D.N.Y. 2004).......................................................................2

*Tough Traveler v. Outbound Prods.*,
   60 F.3d 964 (2d Cir. 1995)...........................................................................................2, 6, 9

*Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*,
   277 F.3d 253 (2d Cir. 2002)..................................................................................................6

*Uni-World Capital L.P. v Preferred Fragrance, Inc*.,
   73 F. Supp. 3d 209 (S.D.N.Y. 2014)...................................................................................14

*United States v. Quattrone*,
   402 F.3d. 304 (2d Cir. 2005).............................................................................................1, 12

*Wm. H. Wise & Co. v. Rand McNally & Co*.,
   195 F. Supp. 621 (S.D.N.Y. 1961).....................................................................................13

Defendants Imperial Bag and Paper Co. LLC d/b/a Imperial Dade ("Imperial") and BCPE Empire New Topco, Inc. ("Empire", and together with Imperial, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order. ECF No. 13 ("Motion").

## PRELIMINARY STATEMENT

There is no emergency. There is no irreparable harm. There is no basis for a temporary restraining order or preliminary injunction.

Plaintiff seeks a TRO and preliminary injunction invalidating his covenant not to compete, ordering the return of a cryptocurrency ledger and an order barring Defendants from defaming and spreading rumors about him in the future, none of which involves preserving the status quo, and all of which have remedies at law available.[1] Plaintiff is seeking the remedies sought in his Complaint (a change to the status quo) without discovery or evidentiary hearing.

Plaintiff waited weeks after he filed his Complaint to file this Motion for injunctive relief. That in itself is a concession that there is nothing about the status quo that requires preservation.

Moreover, Plaintiff's attempt to secure the ultimate relief requested by his Complaint through this Motion—without the benefit of discovery and based purely on speculation and conjecture—is an obvious attempt to bypass the litigation process and pressure Defendants into resolving this meritless action. Plaintiff seeks the drastic remedy of a temporary restraining order and preliminary injunction. Thus Plaintiff, bears the heightened burden of demonstrating a substantial likelihood of success on the merits and clear entitlement to relief. Such extraordinary relief is not warranted given the lack of merit to his claims and lack of any immediate irreparable harm.

---

[1] Seeking a court order to restrain Defendants' speech before it occurs also violates Defendants' First Amendment rights. *United States v. Quattrone*, 402 F.3d. 304, 309-10 (2d Cir. 2005).

Further, Plaintiff's consecutive filings of a cross-motion to remand (ECF No. 6) followed by this Motion for temporary and preliminary injunctive relief (ECF No. 13) is procedurally inconsistent. The temporary injunctive relief Plaintiff seeks requires Plaintiff to submit himself to the jurisdiction of this Court, which Plaintiff's motion to remand contests in the first instance.

## <u>APPLICABLE LEGAL STANDARD</u>

A preliminary injunction generally is viewed as "one of the most drastic tools in the arsenal of judicial remedies and should not be routinely granted." *The Deal v. Korangy Publ.*, 309 F. Supp. 2d 512, 520 (S.D.N.Y. 2004) (quotation omitted). *See also, e.g., Med. Soc. of N.Y. v. Toia*, 560 F.2d 535, 538 (2d Cir. 1977) (describing a preliminary injunction as "an extraordinary and drastic remedy which should not be routinely granted"), *Hanson Trust PLC. v. SCM Corp.*, 774 F.2d 47, 60 (2d Cir. 1985).

To obtain a temporary restraining order or preliminary injunctive relief the moving party must demonstrate "(1) the likelihood of irreparable injury, and (2) either (a) likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in the movant's favor." *Tough Traveler v. Outbound Prods.*, 60 F.3d 964, 967 (2d Cir. 1995); *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). Irreparable injury exists only where, "but for the granting of the preliminary injunction, it would be difficult or impossible to return the parties to the positions they previously occupied." *Biosafe-One, Inc. v. Hawks*, 524 F. Supp. 2d 452, 461 (S.D.N.Y. 2007). In other words, the focus is on *preserving*, not altering, the status quo. A plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim. *Girard v Hickey*, 9:15-CV-0187, 2016 WL 915253, at *6 (N.D.N.Y. Mar. 4, 2016) (quoting *Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995)).

In the present case, Plaintiff has failed to satisfy the requisites for a temporary restraining order and preliminary injunction. For the reasons demonstrated below, Plaintiff falls short of demonstrating a "probability of success" in this action. He also cannot show a "sufficiently serious question going to the merits," *See Fed. Express Corp. v. Fed. Espresso, Inc*., 201 F.3d 168, 173 (2d Cir. 2000), and the balance of hardships tips decidedly in Defendants' favor. Defendants respectfully contend that Plaintiff's Motion for a preliminary injunction should be denied in all respects.

## <u>ARGUMENT</u>

### I.    **Plaintiff Will Not Be Irreparably Harmed in the Absence of Injunctive Relief.**

Irreparable harm to the movant is unquestionably the most important factor determining whether a preliminary injunction should be granted. *See Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275, 277 (2d Cir. 1985) ("the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.") (internal quotations omitted). Absent such a showing, the request for injunctive relief must be denied. *Id.* at 275, 277 (vacating preliminary injunction based on plaintiff's failure to establish requisite irreparable harm); *see also Ayco Co. L.P. v. Feldman*, No. 10-cv-1213 (GLS/DRH), 2010 WL 4286154, *5 (N.D.N.Y. Oct. 22, 2010) ("A movant's failure to establish irreparable harm is alone sufficient for a court to deny injunctive relief.").

Here, Plaintiff asks this Court to restrain Defendants from "enforcing the restrictive covenants contained in Section 9 of the Employment Agreement dated May 15, 2023 between Plaintiff and Defendant (the "Employment Agreement"), including in particular the non-compete, the customer non-solicitation restriction and the employee non-solicitation restriction. *See* ECF No. 13-7 at 11. Plaintiff also seeks an order compelling Defendants to remit and return all personal

3

property belonging to Plaintiff in their possession or control or in the possession and control of their employees, officers, agents, etc., and restraining Defendants from disparaging or spreading false rumors about Plaintiff. *Id.*

Plaintiff asserts that absent the temporary and preliminary relief he seeks he will be irreparably harmed because he "cannot find meaningful work, cannot have access to severance or the value of his personal property to mitigate the effects of this lack of income and insurability, and is at risk of serious reputational harm caused by the Defendant's disparaging conduct." ECF No. 13-7 at 1. Notably, Plaintiff has not presented any evidence that he has been denied an employment opportunity or suffered any specific financial loss because of the existence of these restrictive covenants, nor has he presented any evidence that Defendants have made any defamatory statements or false rumors or that such statements have caused or will cause him irreparable injury. He also has not explained why a remedy at law is insufficient—indeed, his Complaint seeks damages to compensate for the very same asserted injuries. *See* ECF No. 1 at 12-13.

As a matter of law, Plaintiff has not established irreparable injury. In employment termination settings, it is well established that job loss and reputational damage from adverse employment actions do not constitute the requisite irreparable harm to support injunctive relief. In *Sampson v. Murray*, 415 U.S. 61, 92 (1974), the Supreme Court vacated a preliminary injunction that precluded a government agency from terminating an employee. Concluding that the employee had failed to establish that she would sustain irreparable injury upon termination, the majority held that showing a "loss of income . . . falls far short of the type of irreparable harm which is a necessary predicate to the issuance of a temporary injunction in this type of case." *Id.* at 91–92. The Court explained further that "insufficiency of savings" and "difficulties in immediately obtaining other employment" were "external factors common to most discharged employees." *Id.*

4

at 92 n.68. Absent a "genuinely extraordinary situation," the Court reasoned, such harms "will not support a finding of irreparable injury, however severely they may affect a particular individual." *Id*. Following *Sampson*, the Second Circuit has similarly held that when dealing with termination of employees, difficulty in obtaining a job is undoubtedly an injury, but it is not an irreparable one. *Hyde v Hyde v. KLS Prof'l Advisors Grp, LLC*, 500 Fed. App'x 24, 26 (2d Cir. 2012) (citing to *Sampson*, 415 U.S. at 91–92 & n.68). "[With] respect to plaintiff's employment opportunities and professional reputation, absent 'extraordinary circumstances' irreparable harm is not established by loss of income or position…." *Shady v. Tyson*, 5 F. Supp. 2d 102, 109 (E.D.N.Y. 1998); *Stewart v. U.S. INS.*, 762 F.2d 193, 200 (2d Cir. 1985).

Allegations of irreparable harm or claims of a likelihood of success on the merits must be substantiated with "evidence in admissible form." *See Girard v. Hickey*, No. 9:15-CV-0187, 2016 WL 915253, at *7 (N.D.N.Y. Mar. 4, 2016) (internal citations omitted) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Here, the record is devoid of any evidence that Plaintiff will suffer *any* irreparable harm resulting from the termination of his employment. Plaintiff's asserted harm—that he "cannot find meaningful work, cannot have access to severance or the value of his personal property to mitigate the effects of this lack of income and insurability, and additionally, is at risk of serious reputational harm caused by the Defendant's disparaging conduct" (ECF No. 13-7 at 1)—is precisely the type of "harm" that the Supreme Court and courts in the Second Circuit have rejected as a basis for temporary or preliminary injunctive relief.

Other than a letter that Imperial sent Plaintiff reminding him of the restrictive covenants in his employment agreement, Plaintiff presents no evidence that Defendants have in any way "prevented" Plaintiff from finding any meaningful work. Nor does the Motion present any

evidence of job offers that Plaintiff has had to decline as a result of the restrictive covenants in his Employment Agreement, job offers rescinded because of the Plaintiffs' restrictive covenant obligations, or interference by Defendants with employment obtained or sought to be obtained by Plaintiff. In short, there is no evidence that Plaintiff's contractual post-employment obligations have prevented his securing of new employment. The same point applies to Plaintiff's claims about purported defamatory statements and rumors spreading by Defendants.

Plaintiff's inability to prove that he will suffer any irreparable injury is not surprising because any conceivable harm from the termination of his employment or purported defamatory statements is compensable by money damages. On this basis, denial of Plaintiff's Motion is warranted. *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.,* 277 F.3d 253, 258 (2d Cir. 2002) ("[W]hen a party can be fully compensated for financial loss by a money judgment, there is simply no compelling reason why the extraordinary remedy of a preliminary injunction should be granted.") (quoting *Borey v. Nat'l Union Fire Ins. Co.,* 934 F.2d 30, 34 (2d Cir. 1991).

With respect to Plaintiff's claim for the alleged conversion of a crypto currency ledger, any harm suffered by Plaintiff is compensable with money. Plaintiff presents no evidence to the contrary. Plaintiff is not suffering irreparable harm. *See Twentieth Century Fox*, 277 F.3d at 258.

## II. Plaintiff Is Not Likely to Succeed on the Merits of His Claims.

To establish a right to injunctive relief, it is Plaintiff's burden to establish—through evidence—that he is likely to succeed on the merits of his claim. *Tough Traveler*, 60 F.3d at 967. In order to do so, Plaintiff must present evidence and not conjecture establishing each element of his claims. *Standard Metals v. Tomlin*, 503 F. Supp. 586, 596 (S.D.N.Y. 1980); *see 1234 Broadway LLC v. West Side SRO Law Project*, 86 A.D.3d 18, 23, 924 N.Y.S.2d 35 (1st Dep't 2011). This is a steep burden, particularly in light of the fact that discovery has not begun here and Plaintiff seeks

through this Motion for preliminary injunctive relief the ultimate relief sought in his Complaint. *See* ECF No. 1 at 12-13 *compare* ECF No. 13-7, at 11. Plaintiff has not satisfied that burden.

**A.      Plaintiff Is Not Likely to Succeed on His Attempt to Invalidate the Restrictive Covenants in His Employment Agreement.**

Through his Motion for injunctive relief, Plaintiff seeks a declaration from this Court invaliding the restrictive covenants in his Employment Agreement. Setting aside such procedural impropriety, Plaintiff's arguments that the restrictive covenants are unenforceable are based on a selective reading of the Employment Agreement.

Plaintiff first argues that the restrictive covenants have terminated because they are only effective so long as he continues to be employed by Defendants. He points to Section 9(a) of the Employment Agreement and asserts that because Defendants terminated him this essential consideration no longer exists. That is an inaccurate interpretation of Section 9(a).

Section 9(a), which sets forth the consideration for the restrictive covenants, states in full:

> Consideration. In consideration of Employee's employment and continued employment with the Company, the Company Group's entrusting and continuing to entrust to Employee with Confidential Information, the Company Group providing Employee specialized training related to the Company Group's business and/or allowing Employee access to customers and the ability to use and develop goodwill with them, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Employee agrees to the restrictive covenants set forth in this Section 9. Employee acknowledges and agrees that each item of consideration described above independently provides new and valuable consideration for the covenants and restrictions in this Agreement that Employee has not previously received and that Employee would not be entitled to receive unless Employee agreed to the restrictive covenants set forth in this Section 9 of this Agreement.

ECF No. 2-1, Ex. A ("Employment Agreement") at § 9(a).

First, Section 9(a) is explicit that the consideration for the restrictive covenants is "Employee's employment and continued employment." (Emphasis added). Plaintiff's initial hiring is valid consideration for the restrictive covenants. *See Poller v. BioScrip, Inc.*, 974 F. Supp. 2d

204, 223 (S.D.N.Y. 2013).

Second, Section 9(a) goes on to list various other considerations in exchange for Plaintiff's agreement to be bound by the restrictive covenants including Imperial's entrusting Plaintiff with confidential information, providing training and access to customers, etc. Plaintiff does not dispute that such other consideration was provided to him, and these intangible forms of consideration are routinely held to be valid and sufficient to support Plaintiff's post-employment obligations. *Arthur Young & Co. v. Galasso*, 142 Misc. 2d 738 (Sup. Ct. N.Y. Cnty. 1989) ("[I]ntangibles as increased knowledge, skill, or status in his profession…constitutes consideration.").

Third, Section 9(a) states that "each item of consideration described above independently provides new and valuable consideration." (Emphasis added). In other words, the consideration remains valid and the restrictive covenants remain enforceable even if Plaintiff is no longer employed by Defendants. And the restrictive covenants are effective for 12 months following his termination – a provision Plaintiff ignores. *See* Employment Agreement § 9(b) ("In exchange for and ancillary to the promises set forth in this Agreement, Employee agrees that, during Employee's employment and for a period of twelve (12) months after Employee ceases to be employed by the Company for any reason….").

Plaintiff also fails to acknowledge the survival provision in Section 14(m) of the Employment Agreement, which states as follows:

> Upon the termination or expiration of this Agreement, Sections 7 through Section 14 shall survive such termination or expiration, and shall continue, with full force and effect, in accordance with their respective terms and conditions.

The restrictive covenants are therefore expressly extended twelve months beyond Plaintiff's termination date and are supported by sufficient consideration that is not dependent on

his continued employment with Defendants.[2] As shown below, Plaintiff does not meaningfully challenge the reasonableness of the restrictions. The plain language of Plaintiff's employment agreement renders the restrictive covenant fully enforceable after his termination, and Plaintiff has not offered any facts or law to suggest otherwise. *Greenfield v. Philles Records,* 98 NY2d 562, *569-570 (2002) (courts must enforce contracts according to their plain meaning).

      1.    *Defendants' Purported Breach of Contract Does Not Render the Restrictive Covenants Unenforceable.*

Plaintiff's alternative theory that Defendants cannot enforce the restrictive covenants because Defendants first breached the Employment Agreement likewise fails. Plaintiff claims Defendants breached the Employment Agreement by failing to pay his contractual severance and unpaid vacation time after his May 21, 2025 termination. ECF No. 13-7 at 6. That claim is undermined by Section 9(i) of the Employment Agreement, which states the restrictive covenants are "ancillary to and independent of any other provision and the existence of any claim or cause of action of Employee against any member of the Company Group whether predicated on this Agreement or otherwise, shall not constitute a defense to the enforcement of the covenants of Employee contained in this Section 9." Thus, independent of any breach to the Employment Agreement by Defendants, the restrictive covenants are enforceable.

Moreover, per Section 7(b) of the Employment Agreement, Plaintiff had no contractual entitlement to severance if Imperial discharged him for "Cause" as defined in the Employment Agreement. Plaintiff has the burden of proving the breach of his Employment Agreement by Imperial—i.e. that he was not terminated for cause.[3] *Tough Traveler*, 60 F.3d at 967. That is an

---

[2] Plaintiff's logic is further flawed by the fact that a post-employment restriction necessarily requires the employee's employment to have ended.

[3] Plaintiff's Complaint asserts a cause of action against Defendants under wrongful termination and seeks declaratory relief in relation thereto. ECF No. 1, at 12-13. In support of this Motion,

ultimate issue in the lawsuit and Plaintiff's Motion presents no evidence to establish Imperial terminated him without Cause so as to warrant an Order from this court voiding his restrictive covenant obligations.

        2.    *Restrictive Covenants Like the One Here are Enforceable under New York Law.*

Plaintiff also argues that even if the restrictive covenants were otherwise enforceable, they fail New York's substantive test for restrictive covenants. In determining whether to enforce restrictive covenants, a three-prong test is used to determine whether the agreement is reasonable. *BDO Seidman v. Hirshberg*, 93 N.Y.2d 382 (1999). The restraint is only reasonable if the non-compete agreement "(1) is no greater than is required for the legitimate interest of the employer, (2) does not impose undue hardship on the employee and (3) is not 'injurious to the public.'" *Id.* at 388-89. Here, the restrictive covenants have a 100-mile geographic scope from the place of Plaintiff's employment, bar the restricted conduct for a period of 12 months after Plaintiff's termination and prevent him from soliciting business and customers he interacted with during the last two years of his employment. Employment Agreement §§ 9(b)-(e).

New York courts routinely enforce restrictive covenants containing similar temporal and geographic restrictions as those in the Employment Agreement. *See e.g. Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 696 (S.D.N.Y. 2017) ("New York courts have routinely found one-year restrictions to be reasonable."); *Evolution Mkts., Inc. v Penny*, 23 Misc. 3d 1131(A), 2009 WL 1543889, at *44 (Sup. Ct., Westchester Cnty. 2009) (upholding a restrictive covenant with no geographic limitations); *Innovative Networks v. Satellite Airlines Ticketing Ctrs.*, 871 F. Supp.

---

Plaintiff's does not present any evidence that he was discharged without "Cause" aside from his own conclusory assertion. *See Campagna v. New York City Police Department*, 231 A.D.3d 531, 532 (1st Dep't 2024) (conclusory statements lacking are insufficient to satisfy the movant's evidentiary burden on a motion seeking a preliminary injunction).

709, 728 (S.D.N.Y. 1995) (applying New York law and holding that restrictive covenant encompassing the continental United States was reasonable in light of the national scope of plaintiff's business); *Mercer Health & Benefits LLC v. DiGregorio*, 307 F. Supp. 3d 351 (S.D.N.Y. 2018) ("If anything, the public interest would be advanced by such an injunction, because, on the facts here, such an injunction would tend to encourage parties to abide by their agreements").

Moreover, Plaintiff's role as Branch Manager of the 3G Packaging Division[4] involved direct relationships with customers and access to substantial confidential information, making it critical to Defendants' ongoing business operations to enforce the restrictive covenants under *BDO*'s reasoning. As explained in *BDO*, greater weight should be given to the interests of an employer when dealing with restrictions on a professional (such as an accountant) to protect the legitimate business interests of the employer. *BDO*, 93 N.Y.2d at 389. That same reasoning is applied under New York law to protect a business's legitimate interest in protecting its confidential information, justifying enforcement of restrictive covenants. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dunn*, 191 F. Supp. 2d 1346, 1353 (M.D. Fla. 2002) (analyzing New York law and finding valid a restrictive covenant which was intended to "prevent the disclosure of Plaintiff's confidential customer information" so long as it was reasonable in geographic and temporal scope).

Furthermore, as also held by the *BDO* Court, protecting customer relationships developed through company resources is a legitimate business interest. *BDO Seidman v Hirshberg*, 93 N.Y.2d 382, 392 (1999). The Employment Agreement specifically lists as consideration: "the Company Group providing Employee specialized training" and "allowing Employee access to customers and

---

[4] Plaintiff's Motion omits the fact that he was the "Branch Manager of the company's 3G Packaging Division, reporting to the Company's President Northeast Region." *See* ECF No. 1, Exhibit A § 1.

the ability to use and develop goodwill with them" which further supports the argument under *BDO* that enforcing the restrictive covenants in the Employment Agreement serves the legitimate purpose of "preventing former employees from exploiting or appropriating the goodwill of a client or customer, which had been created and maintained at the employer's expense, to the employer's competitive detriment." *Id.* The terms of the restrictive covenants which Plaintiff seeks to void through a preliminary injunction are not unenforceable on their face. Plaintiff has not presented any factual or legal basis to show he is likely to succeed on the merits of his argument that the restrictive covenants he seeks to void are unenforceable.

**B.    Plaintiff Sets Forth No Basis for a Prior Restraint Order Against Defendants.**

Plaintiff also apparently seeks to gag Defendants, despite proffering no evidence besides a single conclusory statement in the preliminary section of his Motion that Defendants have said anything about him. Plaintiff claims that Defendants are "engaging in a campaign of defamation against him." *See* ECF No. 13-7 at 1.

Plaintiff's Motion is devoid of any analysis of the elements of defamation, does not set forth any specific defamatory statements, or any evidence of publication to third parties. The Motion also requests an order "restraining Defendants from disparaging and spreading false rumors about Plaintiff" (*id.* at 3) but provides no factual basis or legal authority for such prior restraint on speech. This is not surprising insofar as such prior restraints run up against the First Amendment. *United States v. Quattrone*, 402 F3d. 304, 309-10 (2d Cir. 2005). Plaintiff has failed to meet his burden of establishing any of the required elements for preliminary injunctive relief.

**C.    Plaintiff Is Not Likely to Succeed on His Conversion Claim.**

Plaintiff seeks an order returning to him the cryptocurrency ledger he purportedly left at his desk, yet his Motion is wholly devoid of any analysis as to how he is likely to succeed on the merits of his conversion claim. ECF No. 13-7 at 11. To establish likelihood of success on a

conversion claim under New York law, Plaintiff must demonstrate: (1) legal ownership or an immediate superior right of possession to identifiable personal property, and (2) defendant exercised unauthorized dominion over the property to the exclusion of plaintiff's rights. *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49-50 (2006); *accord, Wm. H. Wise & Co. v. Rand McNally & Co.*, 195 F. Supp. 621 (S.D.N.Y. 1961).

Plaintiff's Motion contains a single sentence mentioning "his converted property" and "the Ledger," but otherwise makes no attempt to satisfy his burden of establishing a likelihood of success on the merits. *See id.* at 7. Plaintiff has provided no evidence establishing his ownership of the alleged property, no description of what specific personal property was converted beyond vague references to a "Ledger," and no facts showing how Defendants exercised unauthorized dominion, let alone that Defendants have possession of the Ledger or any other property belonging to Plaintiff. Other than Plaintiff's conclusory allegations that he owned a cryptocurrency ledger that he left at his desk at work, there is no proof that such ledger existed or that it was converted by Defendants or otherwise in Defendants' position. The Court cannot order Defendants to produce that which they do not have.

## III.    The Balance of the Equities Does Not Favor Plaintiff.

A "preliminary injunction may not [be] issue[d] unless the movant clearly shows that the balance of equities favors the movant." *Litwin v. Ocean Freight, Inc.*, 865 F. Supp. 2d 385, 401 (S.D.N.Y. 2011); s*ee also CQS ABS Master Fund Ltd. v. MBIA Inc.*, No. CIV. 6840 (RJS), 2014 WL 11089340, at *3 (S.D.N.Y Jan. 29, 2014) (denying preliminary injunction where plaintiffs could not establish "that the equities tip decidedly in their favor"). "[W]hen balancing the equities, a court must determine whether the irreparable injury to be sustained by the plaintiff is more burdensome to it than the harm caused to defendant[s] through the imposition of the injunction." *H.D. Smith Wholesale Drug Co. v. Mittelmark*, 2011 N.Y. Misc. Lexis 5609, at *24 (Sup. Ct. N.Y.

Cnty. 2011). Specifically, when enforcing non-compete agreements against former employees (usually in the context of a preliminary injunction filed by the employer), Courts in this district have found that the balance of the equities tips in favor of employers when former employees had agreed to such restrictive covenants. *Mercer Health & Benefits LLC v. DiGregorio*, 307 F. Supp. 3d 326, 354 (S.D.N.Y. 2018); *Aon Risk Servs., Ne., Inc. v. Cusack*, 34 Misc.3d 1205(A), 2011 WL 6955890, *17 (Sup. Ct. N.Y. Cnty. Dec. 20, 2011). Plaintiff here has failed to carry his burden to demonstrate that "the public interest would not be disserved by a permanent injunction." *Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010).

The balance of equities and public interest weigh against Plaintiff. With respect to the former, the prohibition on working, providing services or having any position as principal, director, employee, agent, distributor, representative, equity holder or otherwise, will not cause "great hardship" for Plaintiff given that it is temporary, and the scope of the noncompetition restriction encompasses only a relatively small group of entities defined in the Employment Agreement as "Competing Businesses, within the 'Restricted Area.'" *See* Employment Agreement § 9(b). Plaintiff has failed to put forward any evidence of having applied for employment, of having been denied employment or of Defendants having contacted potential employers to block his future employment.

Furthermore, Plaintiff's argument that Defendant's letter has any other effect than simply reminding him of his obligations under the restrictive covenants does not tip the scales in his favor. *See* ECF No. 13-7 at 5. By contrast, Defendants face the prospect of losing business to a competitor. *See also Uni-World Capital L.P. v Preferred Fragrance, Inc.*, 73 F. Supp. 3d 209, 237 (S.D.N.Y. 2014) (enforcing a restrictive covenant through an injunction and observing that the injunction would not impose any new legal duty on the employee; instead, it would give necessary teeth to an existing contractual duty). There is significant public interest in having parties comply

with the agreements they enter into, and Plaintiff has failed to carry his burden of proving why allowing him to violate his non-compete agreement would service the general public. Therefore, the balance of the equities and public interest tip in favor of Defendants and the temporary restraining order and injunction should be denied.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that this Court deny Plaintiff's Motion for a preliminary injunction and temporary restraining order.

Date: August 8, 2025                    Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Qian Shen*
Qian (Sheila) Shen
787 Seventh Avenue
New York, New York 10019
Tel. (212) 513-3200
Fax  (212) 385-9010
qian.shen@hklaw.com

15