UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JOHN SICILIANO JR.,

                        Plaintiff,

            – against –

IMPERIAL BAG AND PAPER CO. LLC D/B/A
IMPERIAL DADE, and BCPE EMPIRE NEW
TOPCO, INC.

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Case No. 6:25-cv-06307-EAW

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CROSS-MOTION TO REMAND TO STATE COURT**

*Vivek J. Thiagarajan, Esq.*

*Attorney for Plaintiff*

i

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**……………………………………………………(iii)

**ARGUMENT**

    **I.** ***DEFENDANTS CONFLATE THE SERVICE OF SUIT CLAUSE AND THE FORUM SELECTION CLAUSE IN THE CONTRACT*** …...................................................................………(1)

    **II.** ***THE CONTRACT IS BASED ON DEFENDANTS ACQUIRING AN EXISTING NEW YORK CORPORATION IN MONROE COUNTY WHERE PLAINTIFF WAS EMPLOYED, AND REMAND TO THAT LOCALE IS APPROPRIATE***……………………………………..……(5)

    **III.** ***DEFENDANTS HAVE NOT DISPUTED THAT THERE IS AN EXPLICIT WAIVER CONTAINED IN THE EMPLOYMENT AGREEMENT***………………………………………………….……..(6)

    **IV.** ***DEFENDANTS MISAPPREHEND THE REQUIREMENTS OF DIVERSITY JURISDICTION***……....…………………………..……(7)

    **V.** ***DEFENDANTS NOW ARGUE THAT THE TORT CLAIMS FALL UNDER THE EMPLOYMENT AGREEMENT, WHICH—IF RELIED ON IN REMOVING THIS MATTER—TIES THE COMPANY DEFENDANTS TO THE CLAIMS DIRECTLY***……………………..(10)

    **VI.** ***DEFENDANTS HAVE NOT DISPUTED PLAINTIFF'S ENTITLEMENT TO AN AWARD OF COSTS AND FEES UPON REMAND***………………………….…………………………....…(13)

**CONCLUSION**……………………………………………...…………...……(13)

# **TABLE OF AUTHORITIES**

Cases

- *Brooke Group Ltd. v. JCH Synd.* 488, 87 N.Y.2d 530 (1996) ……………(4)
- *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.,* No. 99 Civ. 10550(SHS), 2000 WL 1277597, at *2 (S.D.N.Y. Sept. 7, 2000)………………...………(1, 2, 11)
- *Dornoch Ltd. Ex re. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Holdings, Inc.,* 666 F.Supp. 2d 366 (SDNY 2009) …………………………………………………………………(3,4)
- *Appalachian Ins. Co. v. Superior Ct.*, 208 Cal. Rptr. 627 (Cal. App. 2d Dist. 1984) …………………………………………………………………(4)
- *In re Delta Am. Reins. Co.*, 900 F.2d 890 (6th Cir. 1990) ………………….(4)
- *John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors*, 22 F3d 51 (2d Circ. 1994)…………………………………..(1)
- *Levine v Shell Oil Co.,* 28 NY2d 205, 211 (1971)……………………….(4, 7)
- *Navigators Underwriting Agency LTD v. Micron Tech, Inc.*, 427 F.Supp. 3d 506 (SDNY 2019) …………………………………………………………(4)
- *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42 (2d Cir. 2012) ………………….…………………………………….(7, 8)
- *Handelsman v. Bedford Vill. Assocs. Ltd.*, 213 F3d 48 (2d Circuit 2000) ……………………………………………………………...………(8,9)
- *Wear-Ever Aluminum, Inc. v. Sipos*, 184 F. Supp. 364 (S.D.N.Y 1960) ……………………………………………………………….………(9)
- *Herrick Co. v. SCS Commc'ns, Inc.,* 251 F.3d 315 (2d Cir. 2001) ………………………………………………………….………...…(10)
- *Magi XXI, Inc. v. Stato Della Citta Del Vaticano*, 714 F.3d 714 (2d Cir. 2013) …..............................................................................…(11, 12)

Statutes

- 28 U.S.C. § 1332 ……………………………………….…………(8, 10)
- 28 U.S.C. § 1441(b)(2) ……………………………………………….(8)
- 28 U.S.C. § 1447(c) …………………………………………………(13)

## **ARGUMENT**

### I.  *DEFENDANTS CONFLATE THE SERVICE OF SUIT CLAUSE AND THE FORUM SELECTION CLAUSE IN THE CONTRACT.*

In their opposition to this instant motion for a remand to State Court, Defendants mistakenly cite to the service of suit clause in the Employment Agreement to allege that Plaintiff agreed that he would only bring suit in Federal Court rather than State Court. A close reading of the explicit language of the contract shows otherwise and Defendants' own case law in their opposition contradicts their argument. *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.,* No. 99 Civ. 10550(SHS), 2000 WL 1277597, at *2 (S.D.N.Y. Sept. 7, 2000), cited by the Defendants in their own opposition brief, cuts against the argument raised by the Defendants regarding the forum selection clause. The forum selection clause—as expressed herein—has been misinterpreted by Defendants. Secondly, this case clarifies between "mandatory" and "permissive" language in forum selection clauses and argues that they are wholly different things. Specifically, "the forum selection clause is mandatory rather than permissive, since the language plainly indicates the parties' intent to make jurisdiction exclusive." Id. At 3, citing to *John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors*, 22 F3d 51 (2d Circ. 1994)(Where the Second Circuit remanded the matter to the original Court, as "an agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion" and here—as there—this is not the case).

1

Here, the Forum Selection Clause references "any such court", which is explicitly permissive rather than mandatory. See Employment Agreement, Paragraph 14(d). Thus, under the ruling in *Direct Mail*—cited by the Defendants—the forum selection clause is permissive and does not limit the Plaintiff's ability to bring the suit in State Court, as argued. If Defendants had desired to have a mandatory forum selection clause drafted, it could have done so. They did not.

There are actually two separate items contained in the contract related to this issue, the first of which is submission to jurisdiction, and the second of which is forum selection. Defendants seek to conflate the two.

Regarding submission to jurisdiction, the agreement states:

> "TO THE EXTENT PERMITTED BY LAW, EACH OF THE PARTIES HEREBY IRREVOCABLY AND UNCONDITIONALLY SUBMITS AND CONSENTS TO THE EXCLUSIVE JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK OR, IF SUCH COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION, ANY NEW YORK STATE COURT LOCATED IN THE COUNTY WHERE EMPLOYEE WAS EMPLOYED AT THE TERMINATION OF EMPLOYEE'S EMPLOYMENT AND, IN EACH CASE, THE APPELLATE COURTS THEREFROM, OVER ANY SUIT, ACTION OR OTHER PROCEEDING BROUGHT BY ANY PARTY ARISING OUT OF OR RELATING TO THIS AGREEMENT…"

Nowhere in this first provision does it state that Plaintiff only agreed to bring this matter in a Federal Forum, but merely that he submitted to the jurisdiction of the Federal Court in the event that jurisdiction lay therewith. In fact, the Employment

Agreement specifically contemplates that New York State Courts—specifically Monroe County—was the appropriate venue and that the company would not challenge such venue. This is a submission to jurisdiction and nothing more.

The relevant part which addresses forum selection—which directly follows the provision relied on by the Defendants—actually states that each party "AGREES THAT ALL CLAIMS WITH RESPECT TO ANY SUCH SUIT, ACTION, OR OTHER PROCEEDING SHALL BE HEARD AND DETERMINED BY <u>ANY SUCH COURT</u>." Here, "any such Court" refers to Courts within the State of New York. It is undisputed that the Plaintiff was employed in Monroe County—where he brought the initial suit—at the time of his termination.

It is well established law—both under New York Law and affirmed by Federal Courts—that a service of suit clause is wholly different from a forum selection clause. *See Dornoch Ltd. Ex re. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Holdings, Inc.*, 666 F.Supp. 2d 366 (SDNY 2009). There, the Court cited to prior precedent, including New York Law, to reiterate and reaffirm the following:

> "Under New York law (here expressly applicable), it is well-settled that a service of suit clause (unlike a mandatory forum selection clause) "generally provides no more than a consent to jurisdiction. It does not bind the parties to litigate in a particular forum, or give the insured the exclusive right to choose a forum unrelated to the dispute." <u>Brooke Group Ltd. v. JCH Synd. 488,</u> 87 N.Y.2d 530, 534 (1996). In fact, the Service of Suit Clause at issue here contains common language frequently used by Lloyd's of London in order "to assure potential

3

policyholders that Lloyd's and its underwriters would be amenable to service of process in the United States." Id.; see also Appalachian Ins. Co. v. Superior Ct., 208 Cal. Rptr. 627, 629 (Cal. App. 2d Dist. 1984) (same); In re Delta Am. Reins. Co., 900 F.2d 890, 893 (6th Cir. 1990) (noting that it would be more appropriate to describe a service of suit clause as a "submit to the jurisdiction of a court within the United States clause").

The *Dornoch* Court has been cited by numerous recent cases, including *Navigators Underwriting Agency LTD v. Micron Tech, Inc.*, 427 F.Supp. 3d 506 (SDNY 2019)(Where the Court held that a service of suit clause "does not bind the parties to litigate in a particular forum."). As cited by the *Dornoch* Court, the Court of Appeals in New York in *Brooke Group Ltd. v. JCH Synd.* 488, 87 N.Y.2d 530, (1996), regarding a Service of Suit clause, "the present clause contains no such mandatory language binding the parties to a particular forum, but provides only that the underwriters will submit to the jurisdiction of a United States court. The words and phrases used by the parties must, as in all cases involving contract interpretation, be given their plain meaning *(Levine v Shell Oil Co.,* 28 NY2d 205, 211), and the plain meaning of the words used by the parties to this contract do not manifest an intention to limit jurisdiction to a particular forum." Defendants are asking the Court to disregard the plain language of the contract, not enforce it.

If the Defendants had intended for Plaintiff to agree to bring suit in the Southern District of New York, they could have had the contract explicitly drafted in that manner and Plaintiff would have then had to determine if he would have

4

consented to such language, especially here where none of the parties were situated in the Southern District of New York.

As such, any argument related to this instant motion which seeks to bind Plaintiff to Federal Court or prevent the Plaintiff's request for remand based on the language of the Employment Agreement is wholly unsupported by the underlying contract, which states that Plaintiff agreed to bring suit in "any" of the Courts listed in that provision, which includes the State Court in which he originally brought it. As such, remand is appropriate, as the forum selection allows for Plaintiff to bring the matter in the original forum.

## II. THE CONTRACT IS BASED ON DEFENDANTS ACQUIRING AN EXISTING NEW YORK CORPORATION IN MONROE COUNTY WHERE PLAINTIFF WAS EMPLOYED, AND REMAND TO THAT LOCALE IS APPROPRIATE.

Defendants oppose the Plaintiff's request for remand to the County of Monroe, State of New York based on the Employment Agreement, despite the entire contract being premised on Defendants benefitting from the acquisition and continued operation of a local business, 3G Packaging, Inc. ("3G"). The Employment Agreement, Section C, specifically states that "On the Effective Date, the Company is acquiring certain of the assets and properties and assuming certain of the liabilities of 3G Packaging, Inc., a New York corporation ("3G")." Furthermore, Section 9(b) of the Employment Agreement centers the Plaintiff's noncompete in that same area,

5

specifically limiting him from competing in the "Restricted Area" which is defined as "the geographic area that is within one hundred (100) miles of the Company Group office or facility in which Employee primarily provided services on behalf of the Company Group during the Lookback Period. Employee acknowledges and agrees that the Company actively carries on its business within the entirety of the Restricted Area." This office was located at 622 Hollenbeck St, Rochester, NY 14621. It is undisputed that Plaintiff was employed at this location when he was terminated.

By opposing the remand in the manner that they did, Defendants are arguing that they should benefit—in every way—from the acquisition and operation of a business located in Monroe County, but for the purposes of the company's own liability, their employees should be forced to center their claims on where the business is corporately headquartered and should not be allowed to avail themselves of the local State Court, despite being expressly articulated in the contract.

### III. *DEFENDANTS HAVE NOT DISPUTED THAT THERE IS AN EXPLICIT WAIVER CONTAINED IN THE EMPLOYMENT AGREEMENT.*

Plaintiff raised the issue of Defendants' breaches of the Employment Agreement in its initial moving papers. One of such breaches is Defendants' waiver of objection to the laying of venue contained in Section 14(d) of the Employment Agreement. This waiver—which Defendants agreed to—states that each party, including Defendants, "WAIVES, TO THE FULLEST EXTENT PERMITTED BY

6

LAW, ANY OBJECTION THAT IT MAY HEREAFTER HAVE TO THE LAYING OF THE VENUE OF ANY SUCH SUIT, ACTION, OR OTHER PROCEEDING IN ANY SUCH COURT OR THAT ANY SUIT, ACTION, OR OTHER PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM."

The plain language of this provision is an explicit waiver and thus the plain language controls. See *Levine v Shell Oil Co.,* 28 NY2d 205, 211 (1971). Defendants have neither addressed this explicit bar to their removal of this matter to Federal Court, nor opposed the inclusion of their breach in the arguments raised on this motion.

As such, Defendants are—by their own admission in their opposition—subject to the terms of this agreement and, thus, the very language they agreed to which bars them from objecting to the place where Plaintiff brought his suit. As such, remand is warranted on these grounds.

### IV.   DEFENDANTS MISAPPREHEND THE REQUIREMENTS OF DIVERSITY JURISDICTION.

Plaintiff does not dispute that the damages in this matter greatly exceed $75,000.00, however Plaintiff submits that Defendants rely—wrongly—on *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) to allege that diversity jurisdiction only lies where a company has its

7

principal place of business. As a threshold matter, 28 U.S.C. § 1332(c)(1) directly contradicts this argument, stating that "a corporation shall be deemed to be a citizen of <u>every</u> State and foreign state by which it has been incorporated <u>and</u> of the State or foreign state where it has its principal place of business." Defendants' arguments are also contradicted by the Forum Defendant Rule found, 28 U.S.C. § 1441(b)(2), which holds that removal based on diversity is improper if <u>any</u> properly joined and served defendant is a citizen of the state in which the action is brought. Specifically, such statute states that "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." As Defendants brought this removal based upon diversity under Section 1332(a), the matter cannot be removed as Defendants are considered citizens of New York.

The *Bayerische* Court itself also does not support the Defendants' assessment of the jurisdiction rubric. In that case, the *Bayerische* Court affirms that citizenship lies both in any state of incorporation and at the principal place of business, and moreover addresses a situation where a company was incorporated in a foreign country (there Germany) not one where the Defendants here attempt to argue diversity jurisdiction simply to forum-shop amongst the different districts within a single state. Secondly, the *Bayerische* Court cites to *Handelsman v. Bedford Vill.*

8

*Assocs. Ltd.*, 213 F3d 48 (2d Circuit 2000), to state that for an LLC (of which Defendant Imperial is one) such company "takes the citizenship of each of its members" and is not merely a question of where the LLC happened to state that its principal place of business was. In *Handelsman*, the Court held that "complete diversity was lacking" as "while Kronman (in his individual capacity) is a citizen of New York, Kronman (in his capacity as Partner Representative) is, for diversity purposes, deemed to have the citizenship of all the limited partners he represents, including those from Florida." Furthermore, the Employment Agreement itself contemplates overtaking and operating 3G Packaging, that had its principal place of business in Monroe County.

   Here, Defendants have affirmed the citizenship of their members as those of Delaware and New Jersey, and as such, they cannot argue that the matter is properly before this Western District Court, even based upon their own case law, as even if complete diversity exists—which it does not—it would not be within this particular Court's purview to review such matter, and it should never have been removed in the first place.

   Plaintiff's other key case regarding diversity jurisdiction, *Wear-Ever Aluminum, Inc. v. Sipos*, 184 F. Supp. 364, 366 (S.D.N.Y 1960), also qualifies that the question of diversity jurisdiction is not a blanket rule, but "is essentially one of fact to be determined upon the circumstances of each particular case." Id. at 365.

Citing to numerous other cases, the *Wear-Ever* Court concludes its determination by stating that "a district where a corporation is qualified to do business, or is doing business, is the proper venue for an action either by or against the corporation." Id. at 366. As such, there is no diversity of jurisdiction, as the Plaintiff is a resident of New York, a state where Defendants are qualified to conduct business and do actually conduct business.

Despite Defendants' arguments to the contrary, Plaintiff has identified a fundamental flaw in the Defendants' removal process, and thus the matter should be remanded to State Court for lack of complete diversity of jurisdiction. It is Defendants' burden as the party seeking removal to prove complete diversity. See *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("…[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete."). Defendants have not done so, and thus remand is proper.

V. **DEFENDANTS NOW ARGUE THAT THE TORT CLAIMS FALL UNDER THE EMPLOYMENT AGREEMENT, WHICH—IF RELIED ON IN REMOVING THIS MATTER—TIES THE COMPANY DEFENDANTS TO THE CLAIMS DIRECTLY.**

As alleged on this motion, Plaintiff's claims for wrongful termination, conversion of property, and other tort-based claims fall outside the scope of the contract and its forum selection clause. Whether or not a forum selection clause

applies to specific claims "depends on whether resolution of the claims relates to interpretation of the contract." See *Magi XXI, Inc. v. Stato Della Citta Del Vaticano*, 714 F.3d 714, 725 (2d Cir. 2013).

Now, in order to pull these claims away from State Court—where they belong—Defendants argue on their opposition to the Plaintiff's motion that "Here, Plaintiff's tort claims arise from the events and conduct surrounding his termination and his employer-employee relationship with Imperial. Plaintiff alleges wrongful termination for following company policy, as well as conversion of his personal property by Defendants after his employment ended; namely, personal property allegedly retained by Defendants after his termination, which is a direct consequence of the employment relationship and its end." See Document 15, Pages 7-8. Defendants rely on *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.,* No. 99 Civ. 10550(SHS), 2000 WL 1277597, at *2 (S.D.N.Y. Sept. 7, 2000), to allege that the Plaintiff's non-contract claims should be brought to Federal Court.

*Direct Mail*'s ruling on non-contract claims relates to non-parties, not claims raised by contract parties in other forums. It holds not that an individual who is subject to a forum selection clause cannot bring non-contract claims in other forums, but rather that a nonparty to a contract can be bound by a forum selection clause only if the non-contract causes of action are sufficiently related to parallel facts. That case also related to a Rule 12(b) motion, which Defendants have not brought here.

11

Defendants' other case on this issue, *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 724 (2d Cir. 2013), also stands for this proposition, stating that "A contractually-based forum selection clause also covers tort claims against non-signatories if the tort claims "ultimately depend on the existence of a contractual relationship" between the signatory parties." As such, Defendants have not provided case law support for the proposition that the Plaintiff's tort claims should be removed to Federal Court, where there is no forum selection clause that forces that issue. In fact, the Employment Agreement states that only claims "arising out of or relating to this agreement" can be brought pursuant to this forum selection clause.

As a further note on this subject, Defendants, for the purposes of attempting to remove Plaintiff's claims to Federal Court, have now locked themselves into and admitted that Plaintiff's valuable property was taken as a company action related to his termination. Otherwise, there would not even be an argument for removing them to Federal Court. Now, whether this matter remains in Federal Court or not, Defendants cannot now dispute that the actions taken in converting Plaintiff's property were company actions, not actions of an individual.

## VI. *DEFENDANTS HAVE NOT DISPUTED PLAINTIFF'S ENTITLEMENT TO AN AWARD OF COSTS AND FEES UPON REMAND.*

Plaintiff raised the issue in his supporting memorandum of law that "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." See 28 USC § 1447(c). Defendants have not opposed—or even addressed—this argument, and thus, upon remand, Plaintiff is entitled to fees and costs due to Defendants' failure to oppose this request in their response.

## *CONCLUSION*

Considering the foregoing, this Court should grant Plaintiff's request to remand this matter to State Court, along with fees, costs, and attorneys' fees, as well as granting or denying such other and further relief as this Court deems just and proper.[1]

_/s/ Vivek J. Thiagarajan_____

VIVEK J. THIAGARAJAN, ESQ.,

*Attorney for Plaintiff, 1088 Bay Road, Webster, NY 14580*

---

[1] As a final matter, as Defendants opened the door by raising the issue of Plaintiff's default judgment motion in its opposition to this instant motion, Defendants removal and subsequent motion to transfer venue was not a Rule 12(b) motion but instead only brought a motion to transfer venue under 28 USC 1441.